# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK McCONNELL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>J.D. HARTLEY, Warden,<br><br>　　　　　Respondent. | 1:08-cv-01766 AWI YNP [DLB] (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. #17] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On February 14, 2005 Petitioner was denied parole for three years. (Pet. 2.) Petitioner's subsequent parole suitability hearing was postponed from February 14, 2008, to March 25, 2008, and then postponed again until July, 2008. (Pet. Exs., B, C; Mot to Dismiss, 2.)

Shortly after his March hearing was postponed, Petitioner filed a petition for writ of habeas corpus with the Santa Clara Superior Court, dated April 18, 2008. (Mot. to Dismiss, Ex. 2.) The court denied the petition without prejudice for failure to exhaust administrative remedies and lack of jurisdiction. (Id., Ex. 3.) Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Sixth Appellate District on May 20, 2008. (Id., Ex. 4.) The petition was summarily denied on June 16, 2008. (Id., Ex. 5.) On July 2, 2008, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, which was denied on August 1, 2008.

Petitioner filed the instant petition on September 10, 2008, seeking to have the Court declare that the Board of Parole Hearings violated his due process rights by postponing his parole hearing for five months and order that future parole hearings take place on time. (Pet. 7).

On March 16, 2009, Respondent filed a motion to dismiss claiming that Petitioner failed to state a case or controversy. (Doc. #17.) Petitioner filed an opposition to Respondent's motion on April 2, 2009. It is Respondent's motion to dismiss that will be considered herein.

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the parole proceeding at issue arises out of Avenal State Prison in Avenal, California, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the AEDPA, which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." *See* Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See, e.g.*, O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal.

1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on Petitioner's failure to allege the existence of a current case or controversy warranting federal habeas relief. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**III. Mootness**

"A case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2, of the Constitution.'" Wilson v. C.A. Terhune, 319 F.3d 477, 479 (9th Cir. 2003), *quoting* Spencer v. Kemna, 523 U.S. 1, 7 (1998). In order for a petitioner to satisfy the case-or-controversy requirement, he must have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." Wilson, 319 F.3d 479, *quoting* United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir.) *Cert. Denied*, 534 U.S. 878, (2001). In other words, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). In this case, Petitioner had already received his parole suitability hearing by the time he filed the instant petition; thus, any harm that he may have suffered due to the fact that he had not received his parole hearing became moot on the date of the July 2008, hearing.

**IV. Standing**

Article III, § 2, of the Constitution gives the federal courts jurisdiction over only "cases and controversies." U.S. Const. Art. III, § 2, cl. 2. In order for a petitioner to satisfy the case-or-controversy requirement "he must demonstrate that he has suffered an 'injury in fact.'" Whitmore v. Arkansas, 495 U.S. 149, 155 (1990). In other words, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). In this case, Petitioner was denied parole when the Board finally gave him his hearing. Because he had to stay in

prison anyway, Petitioner suffered no actual harm by having his parole suitability hearing delayed.

Petitioner also asks the Court to order that all future parole hearings be held on time. In most cases, allegations of future injury cannot satisfy the requirements of Article III. "A threatened injury must be 'certainly impending' to constitute and injury in fact." Whitmore, 495 U.S. at 158. This Court has no reason to suspect that Petitioner's future hearings will not be held on time, or that Petitioner will suffer any actual harm should future hearings be delayed. Petitioner has alleged no injury so certainly impending that it meets the requirements of Article III.

**CONCLUSION**

The Court sees no harm for which habeas relief might be granted so the Petition should be dismissed with prejudice.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and that the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: February 17, 2010  /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE